WILLIAM A. STREET, as Surviving Trustee under a
Certain Deed of Trust Made and Executed by
HENRY MORGAN on December 30, 1880, Plaintiff, *v.*
ALICE LEE POST, CLARA WOODWARD MORGAN, Indi-
vidually and as Executrix of the Last Will and
Testament of CHARLES MORGAN, Deceased, HENRY
MORGAN, ROBERT W. MORGAN, CHARLES MORGAN,
WILLIAM A. STREET, Individually and as Executor of
the Last Will and Testament of LUCY MORGAN
STREET, Deceased, ARTHUR FREDERIC STREET, ROSA-
MOND STREET EUSTIS, SUSAN WATTS STREET, ANNA
LIVINGSTON STREET, ROBERT LE ROY, Individually and
as Executor of the Last Will and Testament of
HERMAN STEWART LE ROY, Deceased, ADELA O.
GIRDNER, PENELOPE G. MILLER and ADELA O. GARDNER,
as Executrices of the Last Will and Testament of
PENELOPE O. MORGAN, Deceased, FAITH W. MORGAN,
FREDERICK H. MORGAN, WILLIAM P. DIXON, as
Assignee for the Benefit of Creditors of HENRY
MORGAN, and THE PEOPLE OF THE STATE OF NEW
YORK, Defendants.

(Supreme Court, New York Special Term, November, 1919.)

Trusts — deed of — construction of — antenuptial agreement —
vesting — accounting — general assignment for benefit of
creditors — Real Prop. Law, § 110.

    In 1880, a widower with four children executed a trust deed
creating an antenuptial agreement by which he intended that
the entire income of the trust fund should be paid to his
intended wife and that upon her death it should revert to
his estate. In 1884, he made a general assignment for the
benefit of creditors and died intestate in 1891, leaving him
surviving children and grandchildren. His second wife, the
beneficiary under the trust deed, died in 1918. In an action for

the construction of the trust deed and for the judicial settlement of the accounts of the trustees, *held,* that the claim of the assignee for the benefit of creditors expired by operation of law (Real Prop. Law, § 110.)

Upon the death of the second wife the estate in remainder vested absolutely in the settlor of the trust and the plaintiff, out of the trust funds remaining in his hands, should pay to the executrices of said wife one-third of the undisposed principal and the balance to the children and grandchildren of the settlor of the trust.

ACTION for the judicial settlement of the account of a trustee and for a construction of a trust deed.

Weekes Brothers, for plaintiff.

Lee McCanliss, for defendants Adela O. Girdner et al., as executrices for the estate of Penelope O. Morgan.

Cadwalader, Wickersham & Taft (Thomas B. Gilchrist, of counsel), for defendant Robert Le Roy.

Henry C. Beadleston, for defendants Alice Lee Post, Henry Morgan, Robert W. Morgan and Charles Morgan.

Henry A. Forster, for defendants Arthur Frederic Street, Rosamond Street Eustis, Susan Watts Street and Anna Livingston Street.

Jabish Holmes, for defendant Dixon, as assignee, etc.

NEWBURGER, J. Plaintiff asks for a judicial settlement of his account and a construction of a trust deed. In December, 1880, one Henry Morgan executed a trust deed creating an antenuptial agreement for the benefit of his future wife, then Penelope Overton

White. At the time the settlor was a banker of prominence and considerable wealth, with four adult children by his deceased first wife, all of whom or their next of kin are defendants herein. The deed transferred to the plaintiff and one Edward Morgan, now deceased, $100,000 in cash upon the following trusts: " To invest and from time to time during the continuance of the trust to reinvest the same and keep the same invested as hereinafter provided, and until the said intended marriage shall be solemnized to have and to hold the same and the income thereof for the use and benefit of the said Henry Morgan, and upon the further trust, from and after the solemnization of the said intended marriage and during the natural life of the said Penelope Overton White, the said intended wife, to pay over the whole net income from time to time arising from the said trust fund and coming to the hands of the said trustees or trustee, after deducting all proper expenses and charges, including taxes, if any such shall be lawfully imposed, to the said Penelope Overton White, the said intended wife, for her sole and separate use and benefit, and upon the death of the said Penelope Overton White, the said intended wife, upon which event it is hereby declared the said trust shall terminate, to transfer and deliver over the capital of the said trust fund to the said Henry Morgan, if he be then living, and if the said Henry Morgan be then dead, then to his personal representatives or to whomsoever may be entitled under his last will and testament to receive the same as part of his estate, it being hereby expressly declared and agreed that the whole residuary interest in said trust fund after satisfying the purposes of the said trust by payment over of the net income to the said Penelope Overton White during her life as aforesaid, is reserved to and shall belong to

the said Henry Morgan as his property.'' On June 24, 1884, the settlor failed, and made an assignment to William P. Dixon for the benefit of his creditors. The settlor died intestate on March 13, 1891. Penelope Overton Morgan, his second wife and the beneficiary under the trust, died on August 3, 1918. The children and the grandchildren of the settlor, constituting the only next of kin and heirs at law, now claim the trust fund. The defendant William P. Dixon, assignee for the benefit of the settlor's creditors, claims the fund by virtue of the assignment to him in 1884. The defendant executrices of the last will and testament of Penelope Overton Morgan claim that upon her death the remainder vested absolutely in the settlor, and therefore the widow is entitled to one-third of the estate. As to the claim of the assignee for the benefit of creditors, it appears that more than twenty-five years have elapsed since such assignment was made, and it has been held that the operation of the statute* was to discharge all property, both real and personal, from the effect of an assignment for the benefit of creditors at the end of twenty-five years from the date of the assignment. As was said by Mr. Justice O'Brien in *Mills* v. *Husson,* 140 N. Y. 103, 104: '' In this case, however, the trust was clearly discharged by force of the statute at the end of twenty-five years, and the property reverted to the assignor, and through him to the plaintiff, under the transfer, unless, as the learned counsel for the defendant claims, the statute relates solely to real estate. A construction of the statute which discharges the trust at the end of twenty-five years as to real estate, but preserves it indefinitely as to personalty, must rest upon the language alone,

---

* Real Property Law, § 110.— [REPR.

as no support for that view can be found in considerations based upon reason or justice. The language is that ' such trust shall be deemed discharged at the end of twenty-five years from the creation of the same.' This means the whole trust and not a part of it. It refers to all the property embraced in the trust, and not to a part of it only. It refers to a case where all the assigned property was personalty as well as to the case of an assignment where the property is all or in part realty. It is true that the words used are all apt to describe real estate, but they are comprehensive enough to include personal also, and there is no reason to suppose that all the property of every kind was not within the purpose of the act or the legislative intent. It applies when an *estate* has been conveyed to trustees for the benefit of creditors, and that word in the law governing such assignments is used to describe the assigned property without regard to its character.'' The assignment in this case was executed in 1884, more than thirty-five years ago; therefore any claim by the assignee expired by operation of law. As to the other claims, it is well settled that the intention of the donor must be ascertained. A reading of the whole trust deed clearly shows that the settlor intended that the entire income should be paid over to his intended wife, and upon her death should revert to his estate. It is unnecessary to cite authorities for this finding. The language is plain. I therefore direct that the plaintiff pay out of the trust funds in his possession one-third of the principal undisposed of to the executrices of Penelope Overton Morgan and the balance to the children and grandchildren of Henry Morgan.

Judgment accordingly.