WILLIAM A. STREET, as Surviving Trustee under a Certain Deed of Trust Made and Executed by HENRY MORGAN on December 30, 1880, Respondent, *v.* ALICE LEE POST and Others, Appellants, Impleaded with ADELA O. GIRDNER and Others, Respondents.

First Department, May 27, 1921.

Trusts — trust in personal property for benefit of intended wife for life with reversion to grantor on her death or to his representatives or legatees on his predeceasing beneficiary — assignee for benefit of creditors of grantor not entitled on claim first made more than twenty-five years after creation of trust — wife entitled to one-third of principal on death of grantor — wife's one-third passes to her executrices.

In an action to construe a trust deed it appeared that the grantor, in contemplation of marriage with the beneficiary, executed the deed in question for the benefit of his intended wife; that said trust deed provided, among other things, that " upon the death of   *   *   *   the said intended wife,

upon which event it is hereby declared the said trust shall terminate, to transfer and deliver over the capital of the said trust fund to the said Henry Morgan [grantor], if he be then living, and if the said Henry Morgan be then dead then to his personal representatives or to whomsoever may be entitled under his last will and testament to receive the same as part of his estate, it being hereby expressly declared and agreed that the whole residuary interest * * * is reserved to and shall belong to the said Henry Morgan as his property." The grantor predeceased the beneficiary.

*Held*, that an assignee for the benefit of creditors of the grantor was not entitled to claim any portion of the capital fund as more than twenty-five years had elapsed since the assignment and he had made no previous attempt to take possession of the property.

The trust deed gave to the grantor's wife a life estate only in the trust fund and reserved to the grantor all other interest in the property.

On the death of the grantor intestate the widow was possessed not only of the life estate in the entire fund but also of her one-third to which she was entitled under the laws of this State, and on her death her one-third passed to her executrices.

APPEAL by the defendants, Alice Lee Post and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of April, 1920, on the decision of the court rendered after a trial at the New York Special Term.

*Albert de Roode* of counsel [*Thomas B. Gilchrist* with him on the brief; *Cadwalader, Wickersham & Taft*, attorneys], for the appellant Robert LeRoy.

*Henry A. Forster*, attorney for the appellants Arthur Frederic Street and others.

*Henry C. Beadleston*, attorney for the appellants Alice Lee Post and others.

*Jabish Holmes*, for the appellant Dixon, as assignee, etc.

*Lee McCanliss*, for the respondents Adela O. Girdner and others.

SMITH, J.:

The appellants are the next of kin of Henry Morgan. The respondents are the executrices of the will of Penelope Overton

Morgan, the widow of Henry Morgan, who have been awarded a one-third interest in a trust fund created by Henry Morgan during his lifetime in favor of Penelope Overton White, as a marriage settlement to become effective upon his marriage to her. The parties were thereafter married. The provisions of the trust deed of which construction is asked are as follows:

" Now this indenture witnesseth, that in consideration of the premises and of the said intended marriage, and for other good and valuable considerations him thereunto moving the receipt whereof is hereby acknowledged, the said Henry Morgan doth, simultaneously with the execution and delivery hereof, pay and deliver over to the said parties of the second part the sum of one hundred thousand dollars in cash the receipt whereof is hereby by them acknowledged, which sum and the investments and reinvestments thereof it is hereby declared and agreed shall constitute a trust fund to be held by the said parties of the second part as Trustees and the survivor of them and their or his successors or successor in the trust, upon the trust following that is to say: To invest and from time to time during the continuance of the trust to reinvest the same and keep the same invested as hereinafter provided, and until the said intended marriage shall be solemnized to have and to hold the same and the income thereof for the use and benefit of the said Henry Morgan, and upon the further trust, from and after the solemnization of the said intended marriage and during the natural life of the said Penelope Overton White, the said intended wife, to pay over the whole net income from time to time arising from the said trust fund and coming to the hands of the said Trustees or Trustee, after deducting all proper expenses and charges including taxes if any such shall be lawfully imposed, to the said Penelope Overton White, the said intended wife for her sole and separate use and benefit, and upon the death of the said Penelope Overton White the said intended wife, upon which event it is hereby declared the said trust shall terminate, to transfer and deliver over the capital of the said trust fund to the said Henry Morgan, if he be then living, and if the said Henry Morgan be then dead then to his personal representatives or to whomsoever may be entitled under his last will and testament to receive the same as part of his estate,

it being hereby expressly declared and agreed that the whole residuary interest in said trust fund after satisfying the purposes of the said trust by payment over of the net income to the said Penelope Overton White during her life as aforesaid is reserved to and shall belong to the said Henry Morgan as his property."

Thereafter Henry Morgan died in 1891, intestate, and left him surviving his wife and four children. Three of these children have since died, themselves leaving descendants. These children were all children by a former wife of Henry Morgan. Penelope Overton Morgan had no children either by her former marriage or by her marriage with Henry Morgan. Penelope Overton Morgan, the widow of Henry Morgan, died in 1918 having left a will and having appointed Adela O. Girdner and others as executrices thereunder.

The decision of the Special Term has given to the executrices of the widow one-third of the capital of this trust fund and the remaining two-thirds has been given to the next of kin of Henry Morgan. (See 109 Misc. Rep. 228.) No question is here raised as to the division between these next of kin. The next of kin of Henry Morgan are appealing from this decision, contending that the executrices under the will of the widow are not entitled to any part of the fund, but that the fund belongs entirely to the next of kin of Henry Morgan.

Before discussing this question raised by the appeal it may be well to consider the appeal of William P. Dixon, as assignee for the benefit of creditors of Henry Morgan, who claims the entire fund under an assignment for the benefit of creditors made by Henry Morgan in 1884. There was no attempt made by said assignee, however, to take possession of the property. This action was brought in 1919, more than thirty-five years after this assignment for the benefit of creditors and no claim had at any time been made before that time of any interest by the said assignee. By section 110 of the Real Property Law it is provided that " Where an estate or interest in real property has heretofore vested or shall hereafter vest in the assignee or other trustee for the benefit of creditors, it shall cease at the expiration of twenty-five years from the time when the trust was created, except where a different limitation is contained in the instrument creating the trust,

or is especially prescribed by law. The estate or interest remaining in the trustee or trustees shall thereupon revert to the assignor, his heirs, devisee or assignee, as if the trust had not been created." By section 11 of the Personal Property Law the same rule seems to be applicable to personal property. (*Mills* v. *Husson,* 140 N. Y. 99; *National Park Bank* v. *Billings,* 144 App. Div. 536; affd., on opinion below, 203 N. Y. 556.) Inasmuch, therefore, as more than thirty-five years have passed since the creation of the trust before any claim was made by the assignee for any part of this fund, the trust had ceased and the assignee had been divested of all the interest of the assignor in the fund.

As I read the trust deed the intent of the grantor seems to me clear to give to the woman whom he afterwards married, as her marriage settlement, a life estate and a life estate only in this trust fund of $100,000. By the last clause of the deed this seems to be made perfectly•plain, wherein he states that it is " expressly declared and agreed that the whole residuary interest in said trust fund after satisfying the purposes of the said trust by payment over of the net income to the said Penelope Overton White during her life as aforesaid is reserved to and shall belong to the said Henry Morgan as his property." Words could hardly have been chosen to express more clearly his intention to give only a life estate to Penelope Overton White and to reserve to himself all other interest in the property. Nor does any part of this deed express any other intention. Upon the death of Penelope Overton White the capital of the trust is to be transferred and delivered to Morgan if living, and if dead " to his personal representatives or to whomsoever may be entitled under his last will and testament to receive the same *as part of his estate.*" Immediately following this clause is the clause which reserves to the said Morgan as *his property* all the interest in that estate other than the life interest given to Penelope Overton White. If a will had been executed by Morgan the legatees under that will would not have taken as appointees under the trust deed. They would have taken as legatees of Henry Morgan under his will. It is clear also that the personal representatives to whom reference is made are his administrators who are appointed in law to distribute his property and they do not take in any

way as appointees under this trust deed. The express declaration is that if he be dead his personal representatives or the legatees under the will shall receive the same " *as part of his estate.*" This means as part of his estate of which he has died intestate or for which he has made provision by his will. The executrices of Penelope Overton White take nothing whatever under the trust deed. They take under the intestate laws of the State the moneys to which their testatrix was at all times entitled after the death of Henry Morgan, to wit, one-third of his personal property as his widow. As before stated, there is no indication of any intention by that deed to grant any further estate than a life estate to Penelope Overton White. Where, however, the full residue is reserved to the testator himself and he dies intestate, the property passes, not by reason of an *expressed* intention, in the deed or otherwise, but by virtue of the laws of the State. After his death Penelope Overton Morgan, then his widow, was possessed not only of the life estate in all of this fund under the trust deed but also of her share of the personal property of which he died intestate under the State laws, which was one-third of this trust fund, to which these executrices now make claim, and judgment for which they have been awarded. In my judgment, therefore, the conclusion reached by the judge at Special Term properly gave to these executrices of Penelope Overton Morgan one-third of the capital of said trust fund, and the next of kin of Henry Morgan, deceased, the remaining two-thirds, and the judgment should be affirmed, with costs to all parties separately appearing and presenting briefs herein payable out of the estate.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment affirmed, with costs to all parties separately appearing payable out of the estate.