WILLIAM A. STREET, as Surviving Trustee under a Deed
of Trust Made by HENRY MORGAN, Respondent, *v.*
ALICE L. POST et al., Appellants, and ADELA O.
GIRDNER et al., Respondents.

*Trust — construction of trust deed — disposition of residue — assign-
ment for benefit of creditors — termination of interest of assignee.*

*Street* v. *Post*, 197 App. Div. 304, affirmed.

(Argued November 28, 1921; decided December 13, 1921.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered May 27, 1921, which affirmed an
interlocutory judgment entered upon a decision of the
court at Special Term construing a trust deed made as
a marriage settlement and providing for the payment
of the income to the intended wife of the maker during
her lifetime. The marriage was solemnized and the
controversy arises over the disposition to be made of the
fund by the trustee on the death of the wife, Penelope O.
Morgan, who died in 1918, having survived her husband,
Henry Morgan, who died intestate on March 13, 1891.
The provision of the trust deed upon that subject is as
follows: " and upon the death of the said Penelope
Overton White, the said intended wife, upon which event
it is hereby declared the said trust shall terminate, to
transfer and deliver over the capital of the said trust fund
to the said Henry Morgan, if he be then living, and if
the said Henry Morgan be then dead, then to his personal
representatives or to whomsoever may be entitled under
his last will and testament to receive the same as part
of his estate, it being hereby expressly declared and
agreed that the whole residuary interest in said trust
fund by payment over of the net income to the said
Penelope Overton White during her life as aforesaid is
reserved to and shall belong to the said Henry Morgan
as his property." Shortly after making the trust deed
and on June 24, 1884, Henry Morgan made an assignment
for the benefit of his creditors to William P. Dixon, who
has never been discharged and is still acting as such

trustee. On the trial of this action the trial justice decided that Henry Morgan retained the entire residuary interest in the trust fund of $100,000 and that it passed as intestate property, one-third to his widow and the remaining two-thirds to his next of kin to be distributed among them, and also decided that William P. Dixon, as assignee, had no interest in the fund, as any rights that passed to him are deemed to have expired in twenty-five years under the provisions of section 10 of the Real Property Law.

The following questions were certified: " 1. Are the executrices of Penelope O. Morgan entitled to receive one-third of the trust fund under the trust herein created by Henry Morgan? 2. Did William P. Dixon, as assignee for the benefit of creditors of Henry Morgan, become entitled to the trust fund on the death of Henry Morgan? "

*Albert de Roode* and *Henry C. Beadleston* for Alice L. Post et al., appellants.

*Jabish Holmes* for William P. Dixon, as assignee, appellant.

*Henry A. Forster* for Arthur F. Street et al., appellants.

*Lee McCanliss* for respondents.

Judgment affirmed, with costs; first question certified answered in the affirmative, second in the negative; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo and McLaughlin, JJ. Dissent: Crane and Andrews, JJ. Absent: Pound, J.