In the Matter of the Estate of EMILIANO P. BERGAMINI, Deceased.

Surrogate's Court, New York County, January 13, 1930.

*Bernard Cowen*, for the petitioner.

*Hamilton Ward, Attorney-General* [*Robert P. Beyer*, of counsel].

FOLEY, S. The application to amend the previous decrees of this court and for the distribution of the funds to the devisees or other persons legally entitled thereto is granted. It appears that

the decedent died in the year 1887. Thereafter his will was admitted to probate and an administrator c. t. a. appointed. The estate was insolvent, the number of creditors exceeding 800. A distribution was made pursuant to a decree by a *pro rata* dividend among certain of the creditors. It appears that two separate funds were involved in the administration of the estate: (1) The first fund consisted of proceeds of the personalty and was under the direction and control of the administrator c. t. a. By a decree of this court dated November 24, 1894, the account of the administrator c. t. a. was settled and it was provided in the decree that the representative pay the balance of $2,525.33 to certain named creditors and that at the expiration of two years from this date that sum or the balance remaining undistributed be paid to the chamberlain of the city of New York to be held by him to the credit of the creditors and " to be paid out by him only by the special direction of the surrogate or pursuant to a judgment of a court of competent jurisdiction." It appears that this undistributed balance, $2,525.33, was paid into the chamberlain's office. The petition also discloses that no further payments have been made to the persons named as creditors and that the balance of the account was ultimately paid over pursuant to the provisions of section 44 of the State Finance Law by the chamberlain into the State treasury. (2) As a result of two actions in the Supreme Court involving the sale of the real estate of the decedent and the admeasurement of the widow's dower, two other funds were produced. These amounts were brought into the Surrogate's Court, consolidated into one fund by a decree dated June 30, 1893, with directions somewhat similar to those contained in the 1894 decree for the payment of the fund by the chamberlain to the creditors of the decedent on account of their claims. The balance of this fund unclaimed by the creditors was subsequently paid by the city chamberlain into the State treasury, and at the time of payment it amounted to $3,534.10. The question involved here is whether these two funds may be treated as being free from the claims of the creditors, their rights be determined to be relinquished and abandoned, and that the amount thereof be distributed to the persons legally entitled as legatees and devisees under the will of the decedent here, Emiliano P. Bergamini. The petitioner, one of the beneficiaries of the estate, seeks a determination that the trust for the benefit of the creditors has ceased and prays for the distribution just referred to.

The jurisdiction of the Surrogate's Court to make a valid decree affecting the disposition of the funds deposited with the city chamberlain or into the State treasury has been supported by unquestioned authority. (*Matter of City of New York*, 200 N. Y. 138,

145; Surr. Ct. Act, § 229, formerly Code Civ. Proc. § 2699, and prior thereto Code Civ. Proc. § 2537.) (See, also, Civ. Prac. Act, §§ 136, 137.) "Moneys and securities deposited with a surrogate or a Surrogate's Court, but actually delivered to the chamberlain of the city of New York or the treasurer of the county in which such surrogate or Surrogate's Court is situated, remain in the control of such surrogate or Surrogate's Court, so far as their final disposition is concerned, as fully as if they remained in their personal custody." (*Matter of City of New York, supra.*)

Section 110 of the Real Property Law provides that where an estate or interest in real property has vested in the assignee or other trustee for the benefit of creditors, "it shall cease at the expiration of twenty-five years. * * *. The estate or interest remaining in the trustee or trustees shall thereupon revert to the assignor, his heirs, devisee or assignee, as if the trust had not been created." This section has been, in numerous cases, applied to an assignment for the benefit of creditors and the running of the statutory period has been held to divest the creditors of their rights in the fund, and to authorize its payment to the grantor or to his representatives mentioned in the section. (*Street* v. *Post*, 232 N. Y. 563, affg. 197 App. Div. 304; *Kip* v. *Hirsh*, 103 N. Y. 565; *Matter of Gallaudet*, 129 Misc. 751.) The section has also been held to apply to personal property as well as to real property. (*Mills* v. *Husson*, 140 N. Y. 99.) The reference in the section not only to an assignee for the benefit of creditors, but also to any "other trustee for the benefit of creditors," extends its application to a statutory trust administered by the representative of an estate under the control of the Surrogate's Court. The statutory provisions for presumption of payment after a long period of time and the rule of relinquishment and abandonment should, with similar reason, apply to estates of decedents as well as to *inter vivos* assignments. Ample legal notice had been given by publication in the several proceedings prior to 1898 to the creditors and citation by publication has issued to them in the present proceeding. A period of at least thirty-one years has, therefore, elapsed since the final deposit — far longer than the statutory period fixed in section 110 of the Real Property Law. The Attorney-General in his answer contends that the fund remaining undistributed and unclaimed by certain of the creditors should now be distributed to the remaining creditors who were concededly paid only in part. This contention must be overruled. Under section 110 of the Real Property Law the entire trust for the benefit of all the creditors has ceased. None of them, therefore, has any right of participation by reason of the lapse of the statutory period and the fund has vested in the legatees and devisees pursuant to the expressed terms of section 110. I hold that the trust for the

creditors has terminated and their rights have been extinguished. The two funds may, therefore, be paid to the persons who are legally entitled to take as legatees and devisees under the will of the testator. The decree herein must fix the interest of each beneficiary. In accordance with the memorandum and the proofs and certificates of letters filed by the petitioner distribution of the proceeds of the sale of the real estate, which amounts, with interest, to the sum of $3,534.10, will be made as follows: One-half to the heirs of the widow as devisee under the will of the testator here. I hold that the widow was entitled both to her right of dower and the testamentary provisions for her benefit. The will required neither an express nor implied election by her. (*Konvalinka* v. *Schlegel*, 104 N. Y. 125; *Horstmann* v. *Flege*, 172 id. 381.)

These proceeds passed as real estate and in the absence of heirs of the widow, since the inheritance came from the husband, his heirs became the substituted heirs of the wife. (Dec. Est. Law, § 91.)* I hold further that the heirs at law of the husband, the testator here, who take by descent, must be determined as of the date of his death, and not as of the date of death of the wife. The term " heirs," as used in the statute, must be construed in its primary sense.

Distribution of the proceeds of the real estate, therefore, will be directed as follows: One-eighth each to the daughters, Rachael Bergamini and Mary A. Frame; an additional one-eighth to Rachael, as the sole devisee of Theresa (or Teresa) E. Bergamini, a deceased daughter; one twenty-fourth each to the three sons of the deceased son William. The remainder of the proceeds of the real estate passed under the will of the testator and is directed to be paid as follows: One-sixth to the petitioner, Rachael Bergamini, as devisee; one-sixth to Mary A. Frame as devisee; the remaining one-sixth share originally bequeathed under the will of the testator Theresa (or Teresa) E. Bergamini shall be paid to her sole legatee and sole devisee, Rachael Bergamini. As to the proceeds of the personalty, now amounting, with interest, to $5,991.75, distribution shall be made in accordance with the terms of the will, as follows: One-half to the estate of the widow, Christina J. Bergamini, as legatee, which the decree shall direct to be paid to her present administratrix, Rachael Bergamini; one-sixth to Rachael Bergamini as legatee; one-sixth to Mary A. Frame as legatee, and the remaining one-sixth to Rachael Bergamini, as executrix of the deceased legatee, Theresa (or Teresa) E. Bergamini. Submit decree on notice providing for such distribution and amending the decree of this court of November 24, 1894, the amended decree of March 31, 1898, and the decree of June 30, 1893, in accordance with the foregoing decision.

---

* Amd. by Laws of 1929, chap. 518.— [REP.