In the Matter of the Estate of WILLIAM H. CLARK, Deceased.

Surrogate's Court, New York County, March 22, 1935.

*Theodore M. Gibbons, Jr.,* for the petitioner.

*Paul Windels, Corporation Counsel,* for the City of New York, respondent.

DELEHANTY, S. This is an application by descendants of deceased to direct payment to such descendants of moneys heretofore paid to the city chamberlain of the city of New York under a decree of this court.

Deceased died intestate in 1900 and left surviving him his wife and the two petitioners here, his sons. In the same year letters of administration were issued to the wife of deceased and another and eventually and on July 21, 1908, a decree was made by this court settling the account of the administrators. That decree determined that the estate was insolvent. Petitioners here were cited upon the accounting proceeding referred to. The summary statement showed a balance in the hands of the administrators of approximately $34,000. The decree listed creditors whose claims aggregated about $172,000 and by its terms showed that creditors had been paid approximately $31,000 by the administrators, leaving balances due to creditors without interest in excess of $140,000. The decree then provided for various prior charges against the balance in the hands of the administrators. It then says that " after deducting the various amounts allowed or ordered to be deducted as aforesaid, they shall then distribute the balance remaining in their hands equally to the remaining general creditors of the estate." The listed creditors are in number over 250. The decree then provided: " And it is further Ordered, Adjudged and Decreed that if the administrators are unable to pay over to any creditor herein within two years, the distributive share to which such creditor is entitled to by virtue of this decree, for the reason that such creditor cannot be located or found by the administrators herein after due and diligent search having been made,

then and in that event, the administrators shall deposit such distributive share with the City Chamberlaim of the City of New York, who shall hold the same subject to the order of the creditor entitled thereto."

The petition shows that eventually and about fifteen months after the decree was entered the administrators deposited with the chamberlain of the city of New York $446.81, which was a balance remaining in their hands distributable to creditors whom they had not located. This balance has remained on deposit with the city chamberlain and now has a value approximately twice its original amount.

The petition states that on August 14, 1931, an order was made by this court directing the payment of the then balance in the deposit to the widow of deceased, Mary S. Clark, one of his administrators. Payment was refused, the city chamberlain asserting invalidity of the order.

In January, 1933, Mary S. Clark died. There is no indication that administration was ever taken out on her estate. Petitioners assert that they are her sole distributees. Whether creditors of Mary S. Clark have claims prior to those of her next of kin could be determined only in the administration of her estate which has not been undertaken so far as this record shows.

Petitioners assert that after twenty years following the date of the decree of 1908, to wit, on July 21, 1928, the debts and obligations of deceased were conclusively presumed to be paid in their entirety and ceased to exist. Petitioners assert that " the sums set aside with the City Chamberlain in trust for the payment thereof, became a surplus fund " which petitioners now assert " reverted by law to the distributees of the estate of William H. Clark deceased."

Petitioners further assert that ten years after the date of the decree of July 21, 1908, to wit, on July 21, 1918, " the trust created for the benefit of the creditors of William H. Clark deceased, by the decree of July 21, 1908, ceased to exist and the trust estate remaining in the custody of the trustee; to wit, the Surrogate's Court and the respective depositary, reverted to the distributees of the said estate, as if such trust had not been created."

Petitioners further assert that the creditors are not entitled to notice of this proceeding and that in any event they are barred by the Statute of Limitations from instituting any proceeding establishing their right to collect the fund.

It would suffice to dispose of this application to say that there is a defect of parties in that there is no person before the court representing the estate of Mary S. Clark. In the absence of such representation there is no basis upon which the court can act on

that portion of this application which requests vacation of the order heretofore made on August 14, 1931, directing payment of these same funds to Mary S. Clark. However, it is appropriate to say that while such order would be vacated if such representative were here present, the court would be motivated in vacating the order by reasons wholly different from those here urged as basis for vacating it. In the opinion of the court the order of August 14, 1931, was inadvertently made because the next of kin of William H. Clark have no interest whatever in the fund and can acquire none.

The adjudication made by the decree of August 10, 1908, was an adjudication that there was no interest in this estate inuring to the benefit of the next of kin of deceased. It is urged on this application that because of lapse of time the claims of creditors have lapsed. There is urged by petitioners a statute of limitations which operates to defeat the rights of every one else and (they apparently argue) to recreate rights in them. It is somewhat puzzling to follow the argument that after a creditor has obtained a judgment in his favor — and that is the effect of this decree — the lapse of time will not only cancel this judgment but will create in these petitioners rights which were expressly excluded by the judgment.

This decree adjudicated not alone that the next of kin of deceased had no interest in the property of his estate but it adjudicated that named creditors had valid claims against deceased which could not be paid in full. The decree adjudged that all of deceased's net estate should be distributed to his creditors. A court of equity may well indulge the thought that if further assets of this deceased are made available they should be distributed first to the creditors who have not yet been paid. However, under this decree even such creditors may not take this money. If the creditors who are the owners of this money now on deposit with the city chamberlain choose to abandon it, their act inures to the benefit of the taxpayers of the State as a whole and not to the representatives of deceased. There is no reservation in this decree of any interest by the next of kin in the assets of the estate. On the contrary, there is express adjudication that they have no such interest. The provisions of section 110 of the Real Property Law have no application here.

Submit, on notice, order denying this application.