In the Matter of the Estate of WILLIAM H. CLARK, Deceased.

Surrogate's Court, New York County, July 5, 1935.

*Theodore M. Gibbons, Jr.*, for the petitioners.

*Paul Windels, Corporation Counsel* [*Sherman S. Rogers* of counsel], for the chamberlain of the city of New York.

*John J. Bennett, Jr., Attorney-General.*

DELEHANTY, S. Deceased died intestate and insolvent. His creditors have been paid only a small fraction of what is due them. In the decree which directed distribution to the creditors of what was left in the estate it was contemplated that some creditors might not be reached and provision was made for paying their distributive shares into the hands of the city chamberlain " subject to the order of the creditor entitled thereto." Something less than $500 due to named and ascertained creditors was paid into the hands of the city chamberlain and still remains there. Descendants of deceased claim this fund and assert their title to it under the provisions of section 110 of the Real Property Law. They say in effect that the decree which settled the account and distributed the estate assets created a trust for the benefit of the creditors of deceased and that there is a reverter to the distributees of the estate of the funds in the chamberlain's hands because as to the creditors named the trust is terminated. They cite *Matter of Bergamini* (136 Misc. 118) as authority for their legal position. The case is in point but will

not be followed. The authorities there relied upon for the decision were all cases of voluntary assignments for the benefit of creditors or voluntary agreements with reservation of rights to a living person. The principles applicable to such cases are not here applicable.

The devolution of property is wholly within the power of the sovereign. The terms upon which it may devolve are subject to the sovereign's fixation. A deceased does not create a trust by the act of dying. He of course reserves no title to himself by the fact of his demise. It is a misuse of terms to say that any trust arises for the benefit of the distributees of the deceased by reason of his death. The subject of the devolution of property is regulated by the Decedent Estate Law. The manner of administration of the property is regulated by the Surrogate's Court Act and other pertinent statutes.

A former application by these petitioners was denied. The views expressed at that time are reported in *Matter of Clark* (154 Misc. 910). Before the decision there published was written, *Matter of Bergamini (supra)* had been given consideration. Since the former decision the record has been made complete by the appointment of a representative for the estate of the widow of deceased. Now that that estate is before the court so much of the petition is granted as is directed toward the vacating of the order of August 14, 1931, which directed the payment of these funds to the widow of deceased. That order was made without any basis because the widow of deceased had no more interest in the property than have these petitioners.

The only persons interested in these funds are the creditors and the sovereign.

Submit, on notice, order denying so much of the application here made as requests payment to petitioners and granting, for the reasons stated, so much of the application as seeks vacation of the order of August 14, 1931.